Filed 3/17/21  P. v. Young CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B304813 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA384433) |
| v. | |
| DESTINY YOUNG, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen A. Marcus, Judge.  Affirmed.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and John

Yang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Destiny Young appeals from the trial court's postjudgment order denying her petition for resentencing pursuant to Penal Code section 1170.95[1] and Senate Bill No. 1437 (Senate Bill 1437). Section 1170.95 provides for vacatur of a murder conviction obtained under the natural and probable consequences doctrine or the felony murder theory of liability, if the defendant was not the actual killer, did not intend to kill, and was not a major participant in an underlying felony who acted with reckless disregard for human life. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

In 2014, Young pleaded guilty to two counts of voluntary manslaughter (§ 192, subd. (a)), three counts of robbery (§ 211), and three counts of attempted robbery (§§ 664/211). She was sentenced to an aggregate determinate term of 25 years.

Young filed a petition for resentencing pursuant to section 1170.95 on February 11, 2019. The trial court summarily denied the petition on the grounds that (1) Young was ineligible for relief because she was convicted of voluntary manslaughter, not murder, and (2) the facts of the case showed as a matter of law that she aided and abetted

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

the actual killer with the intent to kill and was a major participant in the robberies who acted with reckless indifference to human life.

Young contends that section 1170.95 applies to defendants like her, who accepted a plea offer in lieu of a trial in which the defendant could have been convicted of first or second degree murder, and that the exclusion of defendants convicted of manslaughter would be a violation of her rights to equal protection and due process under the law. She further argues that the trial court's summary denial of her petition without issuing an order to show cause or holding an evidentiary hearing was error and a violation of her right to due process under the state and federal constitutions.

We affirm the trial court's order because section 1170.95 authorizes relief only for defendants convicted of murder, not voluntary manslaughter. We conclude that the trial court did not err or violate Young's right to due process by summarily denying her petition, because she was ineligible for relief as a matter of law.[2]

---

[2] Because we affirm on the basis that section 1170.95 does not apply to manslaughter convictions, we do not address the trial court's alternative denial of the petition based upon its review of the record.

## DISCUSSION

As Young acknowledges, the trial court's conclusion that section 1170.95 does not apply to convictions for manslaughter has been endorsed by several recent court of appeal decisions. (*People v. Harris* (2021) 60 Cal.App.5th 557, 565–569 (*Harris*); *People v. Paige* (2020) 51 Cal.App.5th 194, 200–204 (*Paige*); *People v. Sanchez* (2020) 48 Cal.App.5th 914, 917–920 (*Sanchez*); *People v. Turner* (2020) 45 Cal.App.5th 428, 434–438; *People v. Flores* (2020) 44 Cal.App.5th 985, 992–997; *People v. Cervantes* (2020) 44 Cal.App.5th 884, 887 (*Cervantes*).) We agree with our sister courts that "the language of the statute unequivocally applies to murder convictions. There is no reference to the crime of voluntary manslaughter. To be eligible to file a petition under section 1170.95, a defendant must have a first or second degree murder conviction. The plain language of the statute is explicit; its scope is limited to murder convictions. [Citation.] [¶] . . . The plain reading of the statute is consistent with the legislative goal of Senate Bill No. 1437 (2017–2018 Reg. Sess.). That bill was enacted to correct the unfairness of the felony murder rule so that murder convictions could be vacated by filing section 1170.95 petitions. [Citations.] The felony murder rule, however, is not applicable to the crime of voluntary manslaughter." (*Cervantes*, *supra*, at p. 887.)

The Legislature's decision not to provide relief for defendants convicted of manslaughter does not offend equal

4

protection principles. "[V]oluntary manslaughter, [is] a different crime from murder, [and] carries a different punishment. Normally 'offenders who commit different crimes are not similarly situated' for equal protection purposes. [Citation.] '[O]nly those persons who are similarly situated are protected from invidiously disparate treatment.' [Citation.]" (*Cervantes*, *supra*, 44 Cal.App.5th at p. 888; see also *Harris*, *supra*, 60 Cal.App.5th at pp. 569–571; *Paige*, *supra*, 51 Cal.App.5th at pp. 205–206; *Sanchez*, *supra*, 48 Cal.App.5th at pp. 920–921.)

Nor does such an exclusion violate the right to due process. "'[S]ubstantive due process requires a rational relationship between the objectives of a legislative enactment and the methods chosen to achieve those objectives.' [Citation.] Here there was such a relationship. The legislative goal was to eliminate the sentencing disparity caused by the felony murder rule. That goal was properly achieved by the section 1170.95 petition procedure to vacate those murder convictions." (*Cervantes*, *supra*, 44 Cal.App.5th at p. 889.)

Here, the trial court properly denied relief because, having pleaded no contest to manslaughter, Young is ineligible for resentencing as a matter of law. Where a determination of eligibility does not require an inquiry into the underlying facts of the offenses, a trial court does not err or offend constitutional principles by summarily denying a petition pursuant to section 1170.95. (See *People v. Smith* (2020) 49 Cal.App.5th 85, 92 ["If it is clear from the record of

5

conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition. [Citation.] If, however, a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by section 1170.95" (fn. omitted)].)

## DISPOSITION

The trial court's order denying Young's resentencing petition pursuant to section 1170.95 is affirmed.


MOOR, J.

We concur:



BAKER, Acting P. J.



KIM, J.